UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| GEORGE AROSTEGUY, and <br> LORNA AROSTEGUY, <br>     Plaintiffs, <br> vs. <br> SCHNUCK MARKETS, INC., <br>     Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | Case No. 4:07CV1350 AGF |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of Defendant Schnuck Markets, Inc., for partial summary judgment on the issue of lost profits/earnings. This is a "slip and fall" lawsuit in which Plaintiff George Arosteguy is claiming lost earnings allegedly incurred as a result of his fall in a Schnucks store on August 20, 2001. For the reasons set forth below, Defendant's motion shall be denied.

## BACKGROUND

In his complaint, Plaintiff states that as a result of Defendant's negligence, he suffered the "loss of earnings, profits and benefits" in an amount in excess of $50,000. Plaintiff attests by affidavit that he had worked in the trucking business for most of his adult life. In 1996, at the age of 54, he started his own business (selling, installing, and servicing GPS and similar systems in transportation vehicles). His plan was not to draw income from the company until it was debt free and turning a profit and that the point of profitability was to be 2002. Plaintiff attests that over the years, he had contributed over $500,000 as working capital for the company. Gross revenue for the company was

$409,000 in 2000, and $450,000 in 2001. He attests that the injuries from the fall increasingly inhibited his ability to sell, install, and service GPS and similar systems and products. At the time of his fall, he had sold systems to several companies, but had to abandon these contracts due to his inability after the fall to perform the maintenance and support work as agreed in the terms of sale. Plaintiff further attests that in 2002, his company's revenue decreased to $275,000; in 2003 revenue was $148,000; and in 2004, 2005, and 2006, revenue was zero. In the last three months of 2007, when Plaintiff's physical abilities were what they were prior to the accident, the company's revenue was $382,000. Plaintiff states that he is not seeking loss-of-earnings damages past August 31, 2007.

Defendant argues that because Plaintiff's company did not realize a net profit for the five years prior to his accident, his claim for lost profit/future earnings fails as a matter of law. Defendant argues that Plaintiff's claim for lost profits is based entirely upon conjecture and speculation because he has not presented any historical documentation to validate his claim.

## DISCUSSION

Under Rule 56(c) of the Federal Rules of Civil Procedure, "summary judgment is appropriate when the evidence, viewed in a light most favorable to the non-moving party, demonstrates that there is no genuine issue of material fact, and that the moving party is entitled to judgment as a matter of law." Clark v. Kellogg Co., 205 F.3d 1079, 1082 (8th Cir. 2000). To oppose summary judgment successfully, Plaintiff "must show that admissible evidence will be available at trial to establish a genuine issue of material fact."

See Churchill Bus. Credit, Inc. v. Pacific Mut. Door Co., 49 F.3d 1334, 1337 (8th Cir. 1995).

On this record, the Court cannot say that Defendant has established its entitlement, as a matter of law, to judgment on the issue of the lost profits/earnings by Plaintiff allegedly sustained as a result of his injuries. To be sure, Plaintiff's evidence at trial will have to establish his lost earnings with reasonable certainty, but "the sufficiency of the evidence and the amount of damages is a question for the jury." See Martin Marietta Materials, Inc. v. The City of Greenwood, Mo., No. 06-697-CV-W-DW, 2008 WL 2700061, at *3 (W.D. Mo. June 27, 2008).

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's motion for partial summary judgment on the issue of lost profits/earnings is **DENIED**. [Doc. #23]

AUDREY G. FLEISSIG  
UNITED STATES MAGISTRATE JUDGE

Dated this 5th day of January, 2009.